White, J.
In the action in which the undertaking sued on was given, the only issue of fact was between Barbee & Boyston, the plaintiffs, and Harrison Seerest, one of the defendants; the other defendant, Allison, being in default. The damages, therefore, must have been assessed against Allison on default, and against Seerest on the finding of the issue against him. Judgment was rendered against both.
On the second trial the finding on' the issue was for Seerest; and, on this finding, judgment was rendered in his favor, against the plaintiffs. A separate judgment was also rendered against Allison in favor of the plaintiffs.
The precise character of the defense set up by Seerest is- not stated; but it must be presumed to have been several in its nature, such as to go no further when established than to exonerate himself from liability to the plaintiffs, leaving the cause of action against Allison intact.
Upon this view alone could Allison properly have been held liable, and Seerest at the same time discharged. If the defense was joint in its nature, and went to the validity of the cause of action, that is, to the right of the plaintiffs to recover against either of the defendants, it would, to the extent it w.as established, have inured to the benefit of Allison.
In determining the construction and legal effect of the under *397 taking, which is purely statutory, we must look to the statute which authorizes its execution and prescribes its object; and to the state of the pleadings in the action in which it is given.
The statute provides in substance : That a second trial may be demanded in any civil action in the court of common pleas, • • • in which either party has the right, by law, to demand a trial by jury, and in which an issue of fact has been joined between the parties, or any two of them, by their pleadings in the action, and after judgment has been rendered, upon the terms and in the manner thereinafter provided.
The second seciion declares : Any person desirous of such second trial, as provided for in the preceding section, shall, at *the term at which judgment was rendered, enter on the records of the court notice of Ms demand for such second trial; and shall enter into an undertaking within the time therein limited, with security, etc., payable to the adverse party, in such sum, etc., and conditioned to the effect that the party obtaining such second trial shall abide and perform the order and judgment of the court, and pay all moneys, costs, and damages which may be required or awarded against him, consequent uj>on such second trial.
An issue of fact joined and determined, and which the parties thereto have the right to have tried by a jury, is an indispensable condition to the allowance of a second trial. The object is to allow to the party aggrieved by the finding a retrial of the issue; and if there be no such issue, there can be no second trial. Sprague, Adm’r, v. Childs, 16 Ohio St. 116.
It is only the party entitled to a second trial who is authorized to enter of record his demand for it; and the statement in the petition, as well as the recital in the undertaking, that both defendants caused such notice to be entered is the same, in legal effect, as if it appeared that the demand had been made by Secrest alone. As to Allison, the demand was unauthorized and of no effect.
The giving of the undertaking is a condition imposed on the party entitled to and taking the second trial. It is required to be given to the adverse party to the issue to be retried, and to bind the party giving it to perform the order of judgment that may be finally entered against him; and it is evidently intended as a security to indemnify the party to whom it is given against the consequence resulting from the second trial.
Literally construed, the undertaking now in question imposed a. *398 liability on tbe makers to answer only for any judgment or order that might be rendered against tbe defendants, Allison and Secrest, jointly. But construed as we tbink it ought to be, in tbe light of tbe statute, and with reference to tbe state of tbe case in which it was given, and in view of tbe object for which alone it was authorized, its legal effect, in our opinion, is to bind tbe makers only for tbe default of ^Harrison Secrest, who was tbe only defendant authorized to take a second trial.
Tbe judgment of tbe district court and that of tbe common pleas will be reversed, and tbe cause remanded to tbe court last named for further proceedings. ” *
Day, C. J., and Welch, Brinkerhoee, and Scott, JJ., concurred.